UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



**JUDGE BAER**

| VICTOR HOTHO and AYAKO MITSUI, individually and as parents and natural guardians of infant, ALYN HOTHO, |
|---|

Plaintiffs,

**COMPLAINT AND JURY DEMAND**

# 05 CV 2609

v.

EDWARD F. ROSSI, M.D.,
PEDIATRICS EAST OF NEW YORK, P.C.
and, ST. VINCENT'S HOSPITAL,
MANHATTAN,

Defendants



RECEIVED
MAR 0 7 2005
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs Victor Hotho and Ayako Mitsui, individually and as parents and natural guardians of infant Alyn Hotho allege the following in support of this Civil Action Complaint

1.    Victor Hotho and Ayako Mitsui, husband and wife, are adult individuals residing at 2108 Glendale Place, Austin, Texas, 78704.

2.    Alyn Hotho is a minor residing at 2108 Glendale Place, Austin, Texas, 78704.

3.    Victor Hotho and Ayako Mitsui are the parents and natural guardians of Alyn Hotho.

4.    Defendant Edward F. Rossi, M.D. is a physician licensed to practice medicine in the State of New York. Dr. Rossi, who specializes in pediatrics, maintains an office at located at 157 E. 81st Street, New York, NY 10028.

5.    Defendant Pediatrics East of New York, P.C. is a professional corporation providing medical treatment to minors including newborns and infants. Pediatrics East of New York, P.C. has an office address of 157 E. 81st Street, New York, NY 10028.

6. At all times relevant, Edward F. Rossi, M.D. ("Dr.. Rossi"), was an agent, servant and/or employee of Pediatrics East of New York, P.C.

7. The liability of Pediatrics East of New York, P.C. is vicarious to that of Dr. Rossi and is based on his acts and omissions as described in more detail below.

8. Defendant St. Vincent's Hospital is a corporation or other legal entity existing under the laws of the State of New York and is located at 170 W. 12th Street, New York, NY 10011.

9. At all relevant times, St. Vincent's Hospital ("the Hospital") conducted its affairs and acted through its agents, employees, servants, and ostensible agents including all physicians and nurses caring for Alyn Hotho at the Hospital between September 15, 2002 and September 18, 2002.

10. The Hospital's liability is vicarious to the acts and omissions of the physicians and nurses caring for Alyn Hotho at the Hospital between September 15, 2002 and September 18, 2002 as described in more detail below.

## JURISDICTION and VENUE

11. Plaintiffs' cause of action arises out of the injuries Alyn Hotho sustained as a result of the medical negligence of Dr. Rossi as well as those agents, employees, servants of ostensible agents of the Hospital, including those physicians and nurses who cared for Alyn Hotho at the Hospital between September 15, 2002 and September 18, 2002.

12. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §1332 (a)(1) through diversity of citizenship as plaintiffs are residents of the State of Texas and the defendants are residents of the State of New York and because the amount in controversy exceeds $75,000.00.

2

13.    Venue in the Southern District of New York is proper under 28 U.S.C.A. § 1391 because a substantial part of the events or omissions give rise to this action occurred within the Southern District of New York.

## FACTUAL BACKGROUND

14.    Alyn Hotho was born on September 15, 2002 at St. Vincent's Hospital. She remained at the Hospital until her discharge on September 18, 2002.

15.    Throughout her admission to St. Vincent's Hospital, Alyn Hotho was examined by various physicians, nurses, certified nurse practitioners and other medical providers, whose identities are presently unknown.

16.    Following her discharge from the hospital, Alyn Hotho was seen by Dr. Rossi for well baby examinations on September 26, 2002, October 29, 2002, December 18, 2002, January 23, 2003, and February 21, 2003.    At no time during any of these visits did Dr. Rossi perform any examinations to screen Alyn Hotho for dysplasia of the hips.  In the alternative, at no time did Dr. Rossi properly perform examinations for the presence of hip dysplasia.

17.    Shortly after February 21, 2003, Alyn's primary pediatric care was transferred to Dr. Carolyn Hiltibeitel.

18.    Dr. Hiltibeitel referred Alyn Hotho to Howard J.P. Van Bosse, M.D., a physician specializing in pediatric orthopedic surgery.

19.    Dr. Van Bosse examined Alyn on May 14, 2003, at which time he diagnosed her with a left dislocated hip with severe dysplasia of the acetabulum and mild dysplasia but well located of the right hip.

3

20.    In or around June 2003, Dr. Van Bosse ordered that Alyn be placed in hospitalized traction for treatment of the left dislocated hip.

21.    On June 16, 2003, under general anesthesia, Dr. Van Bosse performed a left hip arthrogram, adductor tenotomy, close reduction and application of a Spica cast upon Alyn at The Hospital for Joint Diseases.

22.    Post-operatively, a CT scan showed an unstable reduction and Alyn immediately underwent an open reduction with pelvic osteotomy, which was also performed on June 16, 2003, by Dr. Van Bosse, at The Hospital for Joint Diseases. The Spica cast was reapplied after this surgery, which was also performed under general anesthesia.

23.    On August 4, 2003, under general anesthesia, Dr. Van Bosse removed the Spica cast.

24.    During the course of that procedure, an arthrogram was also performed using an 18-gauge spinal needle.

25.    Following her discharge from The Hospital for Joint Diseases in August 2003, Alyn Hotho was prescribed a camp hip reduction to be used at nighttime for correction of the residual acetabular dysplasia of the left hip.

26.    As of October 2003, Alyn was not yet walking and had an asymmetric crawl.

27.    During an office visit on October 29, 2003, Dr. Van Bosse determined that Alyn had a significant amount of residual dysplasia of the left hip. Further surgery was planned.

28.    On March 15, 2004, a Salter Osteotomy was performed under general anesthesia by Dr. Van Bosse at The Hospital for Joint Diseases. Alyn was casted after the procedure.

4

29.    On April 26, 2004, Dr. Van Bosse removed the cast and pins inserted during the procedure in March 2004.

30.    As a result of the negligence of all of the defendants, Alyn Hotho has been caused to suffer serious and permanent injuries including:

    a. pain and suffering;

    b. disfigurement;

    c. developmental delays;

    d. multiple surgeries;

    e. prolonged hospitalizations;

    f. need for future surgeries;

    g. increased risk of chronic arthritis of the left hip;

    h. increased risk of avascular necrosis; and

    i. increased risk of total hip replacement.

31.    As a direct result of the defendants' negligence, Victor Hotho and Ayako Mitsui have been caused to incur financial expenses and will continue to incur financial expenses related to the care and treatment of their daughter Alyn Hotho.

## COUNT ONE: NEGLIGENCE

### Plaintiffs v. Edward F. Rossi, M.D.

32.    The preceding paragraphs are incorporated by reference here as though set forth herein at length.

5

33.    The negligence of defendant Dr. Rossi consists of the following:

failure to diagnose Alyn Hotho's hip dysplasia;

   a.  failure to perform clinical and/or physical examinations on Alyn Hotho at
       each well baby visit to screen for hip dysplasia;

   b.  failure to properly perform clinical and/or physical examinations on Alyn
       Hotho at each well baby visit to screen for hip dysplasia;

   c.  failure to perform diagnostic tests to screen for hip dysplasia;

   d.  failure to perform the Ortolani and Barlow tests during Alyn Hotho's
       well baby visits to determine the presence of hip dysplasia;

   e.  failure to properly perform the Ortolani and Barlow tests during Alyn
       Hotho's well baby visits to determine the presence of hip dysplasia;

   f.  failure to properly record/document the physical exams performed on
       Alyn Hotho during each well baby visit;

   g.  failure to refer Alyn Hotho to the appropriate specialists for treatment of
       the hip dysplasia;

   h.  reducing and/or eliminating Alyn Hotho's treatment options for the hip
       dysplasia as a result of his failure to timely diagnose the dysplasia;

   i.  increasing the need that Alyn Hotho would require surgical and more
       intrusive treatment options as a result of his failure to timely diagnose the
       presence of hip dysplasia;

6

j.    increasing the risk of Alyn Hotho contracting chronic arthritis of the

hips;

k.    increasing Alyn Hotho's risk of avascular necrosis; and

l.    increasing Alyn Hotho's risk for total hip replacement.

34.    The negligence of Dr. Rossi was a substantial factor in causing plaintiffs' injuries

and losses.

35.    Defendant Pediatrics East of New York, P.C. is vicariously liable for the negligence

of Dr. Rossi as identified above.

WHEREFORE, plaintiffs, Victor Hotho and Ayako Mitsui, individually and as

parents and natural guardians of infant, Alyn Hotho, hereby demand judgment in excess of the

jurisdictional limitation for damages upon this count of the Complaint against defendant Edward F.

Rossi, M.D. individually, jointly and severally.

## COUNT TWO: NEGLIGENCE

### Plaintiffs v. Pediatrics East of New York, P.C.

36.    The preceding paragraphs are incorporated by reference here as though set forth

herein at length.

37.    The negligence of defendant Pediatrics East of New York, P.C. is vicarious to the

acts of defendant Dr. Rossi who provided care to the infant, Alyn Hotho, during the relevant time

period and is also based upon the principals of agency, respondeat superior and consisted of the

following:

7

38.    The negligence of defendant Pediatrics East of New York, P.C. consists of the following:

a.    failure to perform clinical and/or physical examinations on Alyn Hotho at each well baby visit to screen for hip dysplasia;

b.    failure to properly perform clinical and/or physical examinations on Alyn Hotho at each well baby visit to screen for hip dysplasia;

c.    failure to perform diagnostic tests to screen for hip dysplasia;

d.    failure to perform the Ortolani and Barlow tests during Alyn Hotho's well baby visits to determine the presence of hip dysplasia;

e.    failure to properly perform the Ortolani and Barlow tests during Alyn Hotho's well baby visits to determine the presence of hip dysplasia;

f.    failure to properly record/document the physical exams performed on Alyn Hotho during each well baby visit;

g.    failure to refer Alyn Hotho to the appropriate specialists for treatment of the hip dysplasia;

h.    reducing and/or eliminating Alyn Hotho's treatment options for the hip dysplasia as a result of his failure to timely diagnose the dysplasia;

i.    increasing the need that Alyn Hotho would require surgical and more intrusive treatment options as a result of his failure to timely diagnose the presence of hip dysplasia;

8

        j.    increasing the risk of Alyn Hotho contracting chronic arthritis of the hips;

        k.    increasing Alyn Hotho's risk of avascular necrosis; and

        l.    increasing Alyn Hotho's risk for total hip replacement.

39.      The vicarious negligence of defendant Pediatrics East of New York, P.C. was a substantial factor in causing plaintiffs' injuries and losses.

WHEREFORE, plaintiffs, Victor Hotho and Ayako Mitsui, individually and as parents and natural guardians of infant, Alyn Hotho, hereby demand judgment in excess of the jurisdictional limit for damages upon this count of the Complaint against defendant Pediatrics East of New York, P.C. individually, jointly and severally.

## COUNT THREE: NEGLIGENCE

### Plaintiffs v. St. Vincent's Hospital, Manhattan

40.      The preceding paragraphs are incorporated by reference here as though set forth herein at length.

41.      The negligence of defendant St. Vincent's Hospital, Manhattan, consisted of the following:

        a.   failure to diagnose Alyn Hotho's hip dysplasia;

        b.   failure to perform clinical and/or physical examinations on Alyn Hotho to screen for hip dysplasia;

        c.   failure to properly perform clinical and/or physical examinations on Alyn Hotho to screen for hip dysplasia;

9

d.  failure to perform the Ortolani and Barlow tests on Alyn Hotho to determine the presence of hip dysplasia;

e.  failure to properly perform the Ortolani and Barlow tests on Alyn Hotho to determine the presence of hip dysplasia;

f.  failure to properly record/document the physical exams, if any, performed upon Alyn Hotho;

g.  failure to refer Alyn Hotho to appropriate specialists for treatment relating to her hip dysplasia;

h.  failure to refer Alyn Hotho to the appropriate specialists for treatment of the hip dysplasia;

i.  reducing and/or eliminating Alyn Hotho's treatment options for the hip dysplasia as a result of his failure to timely diagnose the dysplasia;

j.  increasing the need that Alyn Hotho would require surgical and more intrusive treatment options as a result of his failure to timely diagnose the presence of hip dysplasia;

k.  increasing the risk of Alyn Hotho contracting chronic arthritis of the hips;

l.  increasing Alyn Hotho's risk of avascular necrosis;

m.  increasing Alyn Hotho's risk for total hip replacement;

n.  failure to have policies or procedures requiring screening of newborns and neonates for hip dysplasia; and

10

o.  failure of its medical and nursing agents, employees and ostensible agents to perform physical exams and/or clinical exams upon newborns and neonates to determine the presence of hip dysplasia.

42.  The direct and vicarious negligence of defendant, St. Vincent's Hospital, Manhattan, was a substantial factor in causing plaintiffs' injuries and losses.

WHEREFORE, plaintiffs, Victor Hotho and Ayako Mitsui, individually and as parents and natural guardians of infant, Alyn Hotho, hereby demand judgment in excess of the jurisdictional amount for damages upon this count of the Complaint against defendant St. Vincent's Hospital, Manhattan individually, jointly and severally.

## COUNT IV - MEDICAL EXPENSES

**Plaintiffs, Victor Hotho & Ayako Mitsui, as Individuals v. All Defendants**

The preceding paragraphs are incorporated by reference here as though set forth herein at length.

43.  As a direct and proximate result of the negligence of the defendants as set forth above, for which the defendants are liable, the plaintiffs, Victor Hotho and Ayako Mitsui, as individuals, have sustained injuries and losses.

44.  As a direct and proximate result of the injuries described herein, plaintiffs, Victor Hotho and Ayako Mitsui, as individuals, have incurred extensive medical treatment, and will incur in the future medical and medical related expenses on behalf of the infant plaintiff Alyn Hotho until she reaches the age of majority.

WHEREFORE, plaintiffs, Victor Hotho and Ayako Mitsui, individually and as parents and natural guardians of infant, Alyn Hotho, hereby demand judgment in excess of the

11

jurisdictional amount for damages upon this count of the Complaint against all defendants jointly and severally.

## COUNT V - MEDICAL EXPENSES

**Plaintiffs, Victor Hotho & Ayako Mitsui, as parents
and natural guardians of infant, Alyn Hotho v. All Defendants**

45.    The preceding paragraphs are incorporated by reference here as though set forth herein at length.

46.    As a direct and proximate result of the negligence of the defendants as set forth above, for which the defendants are liable, Plaintiffs, Victor Hotho & Ayako Mitsui, as parents and natural guardians of infant, Alyn Hotho, will incur in the future medical and medical related expenses.

WHEREFORE, plaintiffs, Victor Hotho and Ayako Mitsui, individually and as parents and natural guardians of infant, Alyn Hotho, hereby demand judgment in excess of $the jurisdictional amount for damages upon this count of the Complaint against all defendants jointly and severally.

## COUNT VI – PAIN AND SUFFERING

**Plaintiffs, Victor Hotho & Ayako Mitsui, as parents
and natural guardians of infant, Alyn Hotho v. All Defendants**

47.    The preceding paragraphs are incorporated by reference here as though set forth herein at length.

12

48.     As a direct and proximate result of the injuries described herein, plaintiffs, Victor Hotho and Ayako Mitsui, individually and as parents and natural guardians of infant, Alyn Hotho have been caused to undergo and will undergo in the future physical and mental pain and suffering.

WHEREFORE, plaintiffs, Victor Hotho and Ayako Mitsui, individually and as parents and natural guardians of infant, Alyn Hotho, hereby demand judgment in excess of the jurisdictional for damages upon this count of the Complaint against all defendants jointly and severally.

WHEREFORE, Plaintiffs Victor Hotho and Ayako Mitsui, individually and as parents and natural guardians of infant, Alyn Hotho demands judgment against Defendants as follows:

A.   On the First Cause of Action against Defendant Edward F. Rossi, M.D in an amount believed to be no less than $75,000.00, together with interest;

B.   On the Second Cause of Action against Defendant Pediatrics East of New York, P.C. in an amount believed to be no less than $75,000.00, together with interest;

C.   On the Third Cause of Action against Defendant St. Vincent's Hospital, Manhattan. in an amount believed to be no less than $75,000.00, together with interest;

D.   On the Fourth through Sixth Causes of Action against all Defendants Hospital, in an amount believed to be no less than $75,000.00, together with interest;

E.   For punitive or other exemplary damages against each Defendant in an amount no less than $5,000,000.00;

13

F.  For attorney fees as may be allowed at law or pursuant to statute;

G.  For the costs and disbursements related to this action; and

DATED:      New York, New York
            March 3, 2005

                                    **LOCKS LAW FIRM,  PLLC**


                                    BY: _____
                                         STEVEN P. KNOWLTON  (2429)
                                         Attorney for Plaintiffs
                                    110 East 55th Street – 12th Floor
                                    New York, New York 10022
                                    Telephone: (212) 838-3333
                                    Telecopier: (212) 838-3735


                                    **LAYSER & FREIWALD, P.C.**

                                    Patricia M. Giordano
                                    1500 Walnut Street
                                    Eighteenth Floor
                                    Philadelphia, Pennsylvania  19102
                                    Telephone: (212) 875-8000
                                    Telecopier: (212) 875-8575

14

M:\Client\Hotho.Victor\Pleadings\Hotho Complaint.doc

  
## JURY DEMAND

Plaintiffs, Plaintiffs Victor Hotho and Ayako Mitsui, individually and as parents and natural

guardians of infant Alyn Hotho


Dated:    New York, New York
          March 3, 2005


15

M:\Client\Hotho.Victor\Pleadings\Hotho Complaint.doc