UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VICTOR HOTHO and AYAKO MITSUI,
Individually and as parents and natural guardians of
infant, ALYN HOTHO,

       Plaintiffs,        **INTERROGATORIES**

   - against -

                 **05 CV 2609**
EDWARD F. ROSSI, M.D., PEDIATRICS EAST  **Judge Baer**
OF NEW YORK, P.C. and ST. VINCENT'S
HOSPITAL, MANHATTAN,

       Defendants.
------------------------------------------------------------------X

COUNSELORS:

  PLEASE TAKE NOTICE that the defendant, ST. VINCENT'S HOSPITAL AND MEDICAL CENTER OF NEW YORK, s/h/a ST. VINCENT'S HOSPITAL, MANHATTAN, request that plaintiffs answer the following interrogatories within thirty (30) days of the date of service hereof, pursuant to Rule 33 of the Federal Rules of Civil Procedure:

1. Set forth the following information:

  a. Date and place of infant plaintiff's birth;

  b. Social security number of the infant plaintiff;

  c. Residence address of the infant plaintiff at the time of the alleged negligence;

  d. Residence address of the infant plaintiff at the time this action was commenced;

  e. Dates of birth of parent plaintiffs;

  f. Social Security numbers of parent plaintiffs;

  g. Dates and place of plaintiffs' marriage;

  h. Full names and dates of birth of all children born to plaintiff.

2. Set forth the full names and addresses of each and every physician from whom the infant plaintiff has ever received medical treatment with respect to any surgical or medical or related condition over the past five (5) years.

3. Set forth the full names and addresses of each and every hospital, institution, facility or clinic in which the infant plaintiff has ever received treatment with respect to any surgical or medical or related condition for five (5) years prior to the alleged malpractice, with associated dates of admission/treatment at each facility.

4. Set forth the nature, location, extent and duration of each injury which will be claimed was caused by the negligence of the defendants. If any injuries are claimed to be permanent, specify each so claimed.

5. Set forth the full name and address of each and every privately retained physician from whom medical treatment or consultation was sought <u>by reason of the injuries allegedly sustained</u>.

6. If it will be claimed that the aforeseaid injuries necessitated ay hospitalizations, set forth the name and address of each hospital with dates of confinement or outpatient treatment.

7. If it will be claimed that the aforesaid injuries necessitated treatment at any other institutions, set forth the name and address of each institution with dates of confinement or outpatient treatment.

8. If it will be claimed that the aforesaid injuries necessitated confinement to bed or home, set forth the following:

   a. The dates of confinement to home;

   b. The dates of confinement to bed.

9. If any special damages are claimed as a result of the alleged malpractice, set forth the following:

   a. The charges for the above named hospitals, separately listing each hospital bill;

   b. All physician's charges;

   c. Charges for medicines, itemizing the bill for each medication charged;

   d. All nursing care charges;

   e. Specify by category and amount any other special damages claimed.

10. Identify the party who paid the damages claimed in paragraphs 8 and 9 above, including the relationship of the injured claimant to that party. If the third party payments were made as a result of reimbursements through an insurance company, set forth the complete name and address of the company, the compete name of the person whose name the policy is issued and the policy number.

11. Set forth the full caption of each and every lawsuit brought on plaintiffs' behalf to recover damages for any connected or aggravated injuries allegedly caused and sustained by reason of the acts of one or more preceding, joint, concurrent and/or succeeding tort feasors, including:

    a. Court;

    b. Index number;

    c. Calendar number;

    d. Names and addresses of all litigants;

    e. Names and addresses of all attorneys appearing for litigants:

    f.    Status of the lawsuit(s);

        i.    If noticed for trial, specify the date;

        ii.    If settled, annex a copy of each release delivered indicating the amounts contributed by each defendant;

        iii.    If discontinued without payment, annex a copy of each stipulation so delivered to each defendant;

        iv.    If tried, annex a copy of the judgment with notice of entry;

        v.    If judgment was satisfied, set forth date and amount of payment and annex a copy of satisfaction of judgment.

12. Set forth the total sum of money damages corresponding to each cause of action which this lawsuit, in the event of a judgment, is entered in their favor.

Pursuant to Local Civil Rule 33.3(b) of the United States District Courts for the Southern and Eastern Districts of New York, set forth:

13. If plaintiffs charge the defendant with a misdiagnosis, identify the alleged misdiagnosis and set forth the diagnosis claimed to be proper.

14. If plaintiffs charge the defendant with having failed to administer a diagnostic test, state the test or diagnostic procedure claimed to have been required and the dates, times, and places when and where each test or diagnostic procedure should have been performed.

15. If plaintiffs charge the defendant with having failed to administer a particular course of therapy, state the medicines, treatments, and surgical procedures claimed to have been required and the dates, times and places when and where each should have been administered or performed.

STELLO, SHEA & GAFFNEY LLP
ATTORNEYS-AT-LAW
44 WALL STREET
NEW YORK, NY 10005

4

16. If the plaintiffs charge the defendant with having administered contraindicated medicines, treatments, tests and surgical procedures, identify each and the conditions existing which, it is claimed, contraindicated the medicine, treatment, test and/or surgical procedure.

17. If plaintiffs charge the defendant with negligently having administered a medicine, treatment, test or surgical procedure, identify each so claimed and set forth the manner in which the technique employed by the defendants departed from such standards.

18. If plaintiffs charge the defendant with lack of informed consent, set forth and describe:

    a. That aspect of defendant's treatment which it will be claimed exposed plaintiffs to material risks sufficient to require disclosure;

    b. Identify each risk or danger of defendant's treatment which it will be claimed should have been, but was not, disclosed by defendants;

    c. Set forth in what respect plaintiffs will claim defendant's disclosure was unreasonably inadequate;

    d. Set forth what course of treatment plaintiffs would have chosen if defendant reasonably disclosed the material risks of the treatment alleged to have been withheld;

    e. Set forth all alternative avenues of treatment which plaintiffs would have chosen and explanations of each type/form of treatment;

    f. Identify by name and corresponding position each employee of the defendant, ST. VINCENT'S HOSPITAL, MANHATTAN, whom plaintiffs charge with having failed to obtained informed consent;

    g. Set forth the date on which plaintiffs claim the defendant should have obtained an

informed consent.

19. Identify by name(s), section(s), subsection(s) and subdivision(s) each statute, rule, or regulation with respect to laboratory testing which plaintiffs claim defendant, ST. VINCENT'S HOSPITAL, MANHATTAN, violated and the corresponding specific nature of the violation.

20. Set forth the manner in which plaintiffs claim co-defendants, EDWARD F. ROSSI, M.D. and PEDIATRICS EAST OF NEW YORK, P.C., were negligent.

21. Identify by name and/or by stating the nature and date of treatment or service provided by each and every person on the staff of defendant ST. VINCENT'S HOSPITAL, MANHATTAN, for whom plaintiffs claim said defendant is liable for malpractice.

22. Set forth the full names and addresses of each and every person that plaintiffs will claim, at the time of trial, observed the defendant's acts of alleged malpractice.

23. Set forth the date of the defendant's alleged malpractice.

24. Set forth:

    a. The dates of first and last services rendered by the defendant;

    b. The place or places where the services were rendered by the defendant.

25. Set forth the nature of the condition for which the plaintiffs sought and accepted the medical treatment rendered by the defendants.

Dated: New York, New York
     April 26, 2005

                              Yours, etc.

                              COSTELLO, SHEA & GAFFNEY LLP

                              By: _____
                                   David N. Zane (DZ 4182)
                              Attorneys for Defendant
                              ST. VINCENT'S CATHOLIC MEDICAL
                              CENTERS OF NEW YORK s/h/a ST. VINCENT'S
                              HOSPITAL, MANHATTAN
                              44 Wall Street, 11th Floor
                              New York, New York 10005
                              (212) 483-9600

To:

    LOCKS LAW FIRM, PLLC
    Attorney for Plaintiffs
    110 East 55th Street, 12th Floor
    New York, NY 10022

    LAYSER & FREIWALD, P.C.
    Patricia M. Giordano
    1500 Walnut Street
    Eighteenth Floor
    Philadelphia, Pennsylvania 19102
    (212) 875-8000

    AARONSON, RAPPAPORT, FEINSTEIN & DEUTSCH, LLP
    Attorney for Defendants
    EDWARD F. ROSSI, M.D. and
    PEDIATRICS EAST OF NEW YORK, P.C.
    757 3rd Avenue
    New York, NY 10017

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

**CARLON THOM**, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age and resides in Jamaica, New York 11434.

On April 27, 2005, I served the within **INTERROGATORIES** on the attorneys in this action by regular mail a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

TO: LOCKS LAW FIRM, PLLC
Attorney for Plaintiffs
110 East 55th Street, 12th Floor
New York, NY 10022

LAYSER & FREIWALD, P.C.
Patricia M. Giordano
1500 Walnut Street
Eighteenth Floor
Philadelphia, Pennsylvania 19102
(212) 875-8000

AARONSON, RAPPAPORT, FEINSTEIN & DEUTSCH, LLP
Attorney for Defendants
EDWARD F. ROSSI, M.D. and
PEDIATRICS EAST OF NEW YORK, P.C.
757 3rd Avenue
New York, NY 10017

*Carlon Thom*
**CARLON THOM**

Sworn to before me on this
27th day of April 2005.

NOTARY PUBLIC

CHRISTINE SCOTT
Notary Public, State of New York
No. 01SC604439
Qualified in Richmond County
Commission Expires July 3, 2???

STELLO, SHEA & GAFFNEY LLP
ATTORNEYS-AT-LAW
44 WALL STREET
NEW YORK, NY 10005

Index No. 05 CV 2609   Year 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR HOTHO and AYAKO MITSUI,
Individually and as parents and natural guardians
of infant, ALYN HOTHO,

                                                    Plaintiffs,

- against -

EDWARD F. ROSSI, M.D., PEDIATRICS EAST
OF NEW YORK, P.C. and ST. VINCENT'S
HOSPITAL, MANHATTAN,

                                                    Defendants.

## INTERROGATORIES

COSTELLO, SHEA & GAFFNEY LLP

*Attorneys for*
*Defendant,* ST. VINCENT'S CATHOLIC MEDICAL CENTERS OF N.
*Office and Post Office Address*
44 WALL STREET  ST. VINCENT'S HOSPITAL, MANHATTAN
NEW YORK, N.Y. 10005
212-483-9600

---

=========== NOTICE OF ENTRY ===========

Sir:-Please take notice that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within
named court on                              20

Dated
                  Yours, etc.,
  COSTELLO, SHEA & GAFFNEY LLP
*Attorneys for*

      *Office and Post Office Address*
          44 WALL STREET
        NEW YORK, N.Y. 10005

To

Attorney(s) for

=========== NOTICE OF SETTLEMENT ===========

Sir:-Please take notice that an order

of which the within is a true copy will be presented
for settlement to the Hon.

One of the judges of the within named Court, at

on                                                  20
at                 M.
Dated,
                  Yours, etc.,
  COSTELLO, SHEA & GAFFNEY LLP
*Attorneys for*

      *Office and Post Office Address*
          44 WALL STREET
        NEW YORK, N.Y. 10005

To

Attorney(s) for